*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2203**

State of Minnesota,
Respondent,

vs.

Adolph Donte Valentine,
Appellant

**Filed December 8, 2014
Affirmed
Toussaint, Judge***

Olmsted County District Court
File No. 55-CR-12-7282

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County
Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**TOUSSAINT**, Judge

Appellant challenges his convictions of first-degree sale of a controlled substance and four counts of second-degree sale of a controlled substance, arguing that the district court erred in failing to give an accomplice-testimony instruction and improperly acted as an advocate for the prosecution. We affirm.

## DECISION

## I.

Appellant Adolph Donte Valentine argues that he "is entitled to a new trial because the district court committed reversible error by failing to give the jury an accomplice testimony instruction."

Under Minnesota law,

> [a] conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Minn. Stat. § 634.04 (2010). "A witness is considered an accomplice if she could have been indicted and convicted for the crime with which the accused is charged." *State v. Clark*, 755 N.W.2d 241, 251 (Minn. 2008) (quotation omitted). This rule "is based on the fear of self-serving dishonesty by accomplice witnesses." *Id.* at 253. Accordingly, a district court is required to instruct the jury about the use of accomplice testimony

whenever a witness against the defendant may be considered an accomplice. *State v. Strommen*, 648 N.W.2d 681, 689 (Minn. 2002).

In this case, the district court did not provide an accomplice-testimony instruction. But Valentine did not request the instruction or object to the absence of the instruction. The failure to request or object to the absence of an accomplice-testimony instruction is reviewed for plain error. *Clark*, 755 N.W.2d at 251. To show plain error, Valentine must establish that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). An error is plain if it is "clear" or "obvious," as shown by "case law, a rule, or a standard of conduct." *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006) (quotations omitted). If all three prongs are met, an appellate court "assesses whether it should address the error to ensure fairness and the integrity of the judicial proceedings." *Griller*, 583 N.W.2d at 740.

The state concedes that two of its witnesses were Valentine's accomplices and that the district court committed plain error by failing to properly instruct the jury about their testimony. The state argues, however, that the error did not affect Valentine's substantial rights because sufficient evidence corroborated the witnesses' testimony.

"To prevail on the third prong of the plain-error test, [the appellant] bears the heavy burden of showing prejudice, which means there is a reasonable likelihood that the error had a significant effect on the jury verdict." *State v. Barrientos-Quintana*, 787 N.W.2d 603, 612 (Minn. 2010) (quotation omitted). The supreme court has explained that the third prong is not satisfied if there is "corroborating evidence . . . sufficient to

3

restore confidence in the truthfulness of the accomplice's testimony." *Id*. (quotation omitted). "The evidence need not, standing alone, be sufficient to support a conviction, but it must affirm the truth of the accomplice's testimony and point to the guilt of the defendant in some substantial degree." *Id*. at 612-13 (quotations omitted).

The corroborating evidence in this case was overwhelming. For each transaction, one of the accomplices testified that she sold cocaine to the informant at Valentine's request with cocaine that Valentine supplied. An informant testified that he called Valentine to set up the transactions and purchased the cocaine on each occasion from one of the accomplices. Thus, the informant's testimony affirmed the truth of the accomplices' testimony and pointed to the guilt of Valentine in a substantial way. Moreover, the state presented evidence of Valentine's own statements recorded during phone conversations with the informant. Although the recordings do not include direct references to the sale of controlled substances, they do point to Valentine's direct involvement in each of the transactions.

In sum, Valentine has not met his heavy burden to show that the error affected his substantial rights.

## II.

Valentine argues that he "is entitled to a new trial because he was denied his right to a fair trial before an impartial judge when the district court improperly acted as an advocate for the prosecution." Valentine points to two incidents during trial to support his assertion that the judge was not impartial. First, at the close of Rochester Police Department Investigator Joel Blahnik's testimony, the district court asked: "Investigator

4

Blahnik, I'm only asking this because I don't recall any other witness specifically even asked this very simple question. What was the—In what county did each of these sale— Did all of these sales occur in the same county?" Investigator Blahnik replied that "they occurred in the City of Rochester, Olmsted County." Second, after the state rested, the district court pointed out that no one testified "about what a Schedule I or II drug is." The district court allowed the state to reopen its case to recall Investigator Blahnik, who testified that cocaine is a narcotic and a schedule II drug.

Valentine relies primarily on *State v. Dorsey*, 701 N.W.2d 238, 249 (Minn. 2005). In *Dorsey*, the supreme court stated that "[t]he Sixth Amendment of the United States Constitution guarantees criminal defendants the right to be tried by an impartial jury," and "[a]lthough the right to a trial before an impartial judge is not specifically enumerated in the Constitution, this principle has long been recognized by the United States Supreme Court." *Id.* (citing *Rose v. Clark*, 478 U.S. 570, 577, 106 S. Ct. 3101, 3106 (1986)). "[T]o maintain public trust and confidence in the judiciary, judges should avoid the appearance of impropriety and should act to assure that parties have no reason to think their case is not being fairly judged." *Id.* (quotation omitted).

The supreme court in *Dorsey* considered the following issue: "We then must decide whether a defendant's right to due process is violated when a judge in a bench trial openly questions the veracity of a factual assertion made by a witness for the defense, independently investigates that fact, and reveals the results of her investigation to counsel." *Id.* at 245. The supreme court stated that "[t]his is a constitutional question, and we review a lower court's ruling on such questions de novo." *Id.* at 249. The

5

supreme court considered the issue even though no objection was raised in district court. *Id*. at 244.

The supreme court concluded that the judge's conduct "deprived Dorsey of an impartial judge and finder of fact." *Id*. at 250. In reaching this conclusion, the supreme court reasoned that the judge "disregarded [her] duty as the finder of fact to make factual determinations solely on the basis of evidence in the record"; "independently investigated a fact not introduced into evidence, violating her obligation as the finder of fact to refrain from seeking or obtaining evidence outside that presented by the parties"; and "announce[d] . . . the results of her investigation to counsel, which effectively introduced into the proceedings a material fact that was favorable to the state." *Id*. at 250-51. The supreme court determined that the judge's conduct "constituted a structural error, which precludes harmless-error analysis and requires that we reverse without regard to the evidence in Dorsey's particular case." *Id*. at 253 (quotation omitted).

Any error that occurred in this case does not rise to the level of the constitutional infringement the supreme court found in *Dorsey*. Unlike the district court judge in *Dorsey*, the judge in this case was not the finder of fact. And Valentine does not contend that the fact finders in this case—i.e., the jury—were not impartial. Moreover, the supreme court in *Dorsey* based its conclusion in part on the judge's violation of her duty "to make factual determinations solely on the basis of evidence in the record," and "her obligation as the finder of fact to refrain from seeking or obtaining evidence outside that presented by the parties during the trial." *Id*. at 250. In contrast, the specific conduct at issue in this case—asking questions of a witness and allowing the state to reopen its

6

case—was permissible under the rules. *See* Minn. R. Evid. 614(b) ("The court may interrogate witnesses, whether called by itself or by a party."); Minn. R. Crim. P. 26.03, subd. 12(g) ("In the interests of justice, the court may allow any party to reopen that party's case to offer additional evidence."). Valentine was not deprived of a constitutional right to a trial before an impartial judge.

**Affirmed.**